**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| BRYAN JENERETTE, #281446, | ) | |
| | ) | CIVIL ACTION NO. 9:10-1030-DCN-BM |
| Petitioner, | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| A.J. PADULA, WARDEN LEE CORRECTIONAL INSTITUTION, | ) | |
| Respondent. | ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on April 20, 2010.[1]

The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 2, 2010. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on December 21, 2010, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

On January 24, 2011, Petitioner filed a memorandum in opposition to summary

[1]See Houston v. Lack, 487 U.S. 266, 270-276 (1988).



judgment. This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in the July 2005 term of the Horry County Court of General Sessions for murder [Indictment No. 05-GS-26-2546] and burglary in the first degree [Indictment No. 05-GS-26-2545], and in the September 2005 term for attempted armed robbery [Indictment No. 05-GS-26-3532] and criminal conspiracy [Indictment No. 05-GS-26-3080]. (R.pp. 1010-1015).[3] In January 2006, the Grand Jury indicted Petitioner for possession of a stolen vehicle, value over $5,000.00 [Indictment No. 06-08-26-0677]. (R.pp. 1016-1017). Petitioner was represented by Ralph J. Wilson, Esquire. On June 5-9, 2006, Petitioner was tried by a jury and found guilty of possession of a stolen vehicle and was sentenced ten (10) years imprisonment on that charge. (R.pp. i-905). The trial resulted in a hung jury on the other four charges. (R.p. 895). Petitioner did not appeal his conviction or sentence.

Instead of facing retrial on the remaining charges that had resulted in a mistrial, Petitioner pled guilty on August 10, 2006, to voluntary manslaughter, burglary first, and attempted armed robbery. (R.p. 924-948).[4] Petitioner received a negotiated sentence of twenty-five (25) years, concurrent to his sentence for the conviction from June 9, 2006. (R.p. 948).

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]A copy of Indictment No. 05-GS-26-3080 does not appear to be in the record provided to the Court.

[4]Respondent represents that the criminal conspiracy charge was dismissed pursuant to the plea. See also (R.p. 1002).



On December 28, 2007, Petitioner filed an Application for Post-Conviction Relief (APCR), which dealt with the convictions deriving from his guilty plea.[5] Jenerette v. State of South Carolina, No. 2007-CP-26-8208. Petitioner raised the following issues in that APCR:

> **Ground One:** Ineffective assistance of trial counsel - trial counsel was ineffective for failing to investigate the case; and
>
> **Ground Two:** Violation of the 14th Amendment (subject matter jurisdiction) - indictment failed to allege all elements.

(R.pp. 950-956).

The Respondent moved for summary dismissal of APCR 07-CP-26-8208, arguing that defects in an indictment do not affect subject matter jurisdiction, and because it was untimely under S.C. Code Ann. §17-27-45(A)(Supp. 2010), following which the PCR judge entered a conditional order of dismissal on March 5, 2008 giving Petitioner twenty (20) days to show why the conditional dismissal should not become final. (R.pp. 957-964). Petitioner filed a response in which he asserted, inter alia, that he was denied a right to a direct appeal; (R.pp. 965-967); and after consideration of Petitioner's arguments, the PCR judge entered a partial final order of dismissal, which dismissed all of Petitioner's claims except the issue of a belated appeal. (R.pp. 968-970). With regard to the issue of a belated appeal, an evidentiary hearing was held on April 30, 2008, at which Petitioner was represented by Paul Archer, Esquire.[6] (R.pp. 971-995).

---

[5]In the interim, Petitioner had also filed a separate pro se PCR application in state circuit court on March 9, 2007, which dealt with his conviction and sentence on the charge of possession of a stolen vehicle. Jenerette v. State of South Carolina, No. 2007-CP-26-1514. That conviction is the subject of another federal habeas petition which is pending before this Court. See Bryan Jenerette v. A.J. Padula, Warden Lee Correctional Institution, C/A No. 9:10-0886.

[6]This hearing was combined with a hearing on Petitioner's other pending PCR action. Mr. Archer was already serving as Petitioner's counsel is his other pending APCR.



On May 15, 2008, the PCR judge entered an order denying the remaining claim in 07-CP-26-8208 regarding the belated appeal. (R.pp. 1001-1007). Petitioner filed a timely appeal, but on June 17, 2008, the South Carolina Supreme Court dismissed the appeal due to Petitioner's failure to provide written explanation as to why the lower court determination was improper, as provided for in Rule 227(c) of the South Carolina Appellate Court Rules. (R.pp. 1018-1019). The Remittitur was sent down on July 3, 2008. (R.p. 1020).

On January 13, 2009, Petitioner moved to reinstate the appeal in 07-CP-26-8208 and to consolidate the appeal with the appeal in 07-CP-26-1514. (R.pp. 1021-1024). Petitioner was represented by LaNelle Cantey DuRant, Appellate Defender, and Petitioner sought to raise the following issues in his consolidated appeal:

> 1. Did the PCR court err in denying petitioner's PCR application related to all of his claims of ineffective assistance of counsel and his right to a belated appeal according to White v. State, 208 S.E.2d 35 (S.C. 1974) on his June 5-9, 2006 trial where he was found guilty of possession of a stolen vehicle?
>
> 2. Did the PCR court err in denying petitioner's right to a belated appeal according to White v. State, 208 S.E.2d 35 (S.C. 1974) on his August 10, 2006 guilty plea where he entered a guilty plea to voluntary manslaughter, attempted armed robbery, and burglary first degree?

See Petition, p. 2. (R.p. 1028).

The State sent a letter dated January 15, 2009, consenting to the motion; (R.p. 1025); and on February 10, 2009, the South Carolina Supreme Court granted Petitioner's motion to reinstate his appeal in 07-CP-26-8208 and to consolidate that appeal with the appeal in 07-CP-26-1514. See Order dated February 10, 2009. (R.pp. 1053-1054).

However, on May 1, 2009, Petitioner's counsel wrote and informed the South Carolina Supreme Court that the Petitioner had decided to drop his appeal. Petitioner's affidavit affirming that





decision was also included. (R.pp. 1055-1056). As a result, the South Carolina Supreme Court granted Petitioner's motion and dismissed his appeal on May 28, 2009. See Order dated May 28, 2009. (R.p. 1057). The Remittitur was sent down on June 15, 2009. (R.p. 1058).

On January 21, 2010, Petitioner filed another APCR (10-CP-26-530) raising the following issues:

> 1. Violation of the 14th Amendment (coerced evidence) - Trial/ plea counsel informed me to give law enforcement statement to help myself
>
> 2. Violation of the 14th Amendment (perjured testimony) - . . . Solicitor allowed perjured testimony; and
>
> 3. Violation of the 14th Amendment (law enforcement paid informant for testimony).

See Petition, p. 3. See also (R.pp. 1059-1065)

On March 29, 2010, the PCR judge issued a conditional order of dismissal based on the statute of limitations and successive petition, and giving Petitioner twenty (20) days to show why the conditional dismissal should not become final. See Conditional Order of Dismissal dated March 29, 2010. (R.pp. 1071-1075). Petitioner filed a response; (R.pp. 1077-1080); and on June 3, 2010, the PCR judge entered a final order of dismissal. See Order of Dismissal dated June 3, 2010. (R.pp. 1081-1082). The Respondent represents in its motion that this matter is still pending in the state court.[7]

In this federal habeas corpus petition, Petitioner raises the following issue:

> Ineffective Assistance of Counsel.
>
> **Supporting Facts:** Counsel coerced me into accepting a plea which was involuntary . . . counsel also coerced me into giving law enforcement [officers] an involuntary statement.

---

[7] Petitioner apparently has filed an appeal of the denial of this APCR.





See Petition, p. 6.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Here, this entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is part of the AEDPA,[8] and runs from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[8]Antiterrorism and Effective Death Penalty Act of 1996.





> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A). Petitioner's state court convictions became final on August 21, 2006, ten (10) days after he entered his guilty plea and was sentenced.[9] See Rule 203(b)(2), SCACR. By the time Petitioner filed his APCR on December 28, 2007, over one year of non-tolled time had passed since his convictions had become final. The filing of this APCR did not, however, restart the federal statute of limitations, which in this case had already expired prior to Petitioner's APCR having been filed.[10] Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. Therefore, Petitioner failed to timely file this federal petition, and he is barred from seeking federal habeas relief. Artuz v. Bennett, supra; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119

---

[9]Since ten (10) days after the sentence was imposed was a Sunday, Petitioner's conviction did not become final until the following Monday, August 21st.

[10]Likewise, Petitioner's filing of a successive PCR action in 2010 did not restart his time to file this federal habeas petition.





S.Ct. 1377 (1999).

**II.**

The United States Supreme Court has recently held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S.Ct. 2549, 2552-2554, 2560-2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Finally, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 ["'Petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."](quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not even argue that the petition is subject to equitable tolling. Rather, he argues that this trial and PCR counsels are to blame for his having failed to adequately pursue his claims. See Petitioner's Response. Petitioner's complaint about his trial counsel was addressed in his original PCR action, which Petitioner then declined to appeal, and as previously noted, the time for filing a federal habeas action did not start over after the conclusion of this





collateral review. Artuz v. Bennett, supra [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; cf. O'Neal v. South Carolina, No. 08-587, 2008 WL 4960423, at * 1-2 (D.S.C. Nov. 20, 2008).

In sum, no basis for equitable tolling is present in these facts, nor has Petitioner shown any "extraordinary circumstances" which prevented him from filing a federal petition, or that he acted with reasonable diligence in pursuing his claims. Holland, 130 S.Ct. at 2562 [Petitioner must show he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way]; Pace, 544 U.S. at 419 (2005)[assuming without deciding the applicability of equitable tolling under the AEDPA statute of limitations, but finding that, under "long established principles, petitioner's lack of diligence precludes equity's operation"](citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Marengo, 342 F.Supp.2d at 230 [Some courts have held that to obtain equitable tolling, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll]. Rather, Petitioner simply failed to timely file this federal petition. Cf. Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001)[petitioner's bare assertions that the conditions of his confinement prevented him from filing his motion earlier are insufficient to excuse the delay].

Petitioner has not met his burden of showing an entitlement to equitable tolling; Harris, 209 F.3d at 330 [Petitioner has burden of showing entitlement to equitable tolling]; see also Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000)[AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."]; and he is therefore





barred from seeking federal habeas relief. See Pearson v. North Carolina, 130 F.Supp.2d 742, 744-745 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999).

**Conclusion**

Based on the foregoing, it is recommended that Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 23, 2011

Charleston, South Carolina





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

